**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Hunan Sijiu Technology, Co. Ltd., Hunan Sijiu Electronic Technology Co., Ltd., Guangdong Rongtu Technology Co., Ltd. <br><br>                Petitioner (ITC Respondents) <br><br> v. <br><br> Cricut, Inc. <br><br>                Respondent (ITC Complainant). | Civil Action No. Misc. _____ <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF LETTERS OF REQUEST** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HUNAN SIJIU TECHONOLGY, CO. LTD.'S, HUNAN SIJIU ELECTRONIC TECHNOLOGY CO. LTD.'S, AND GUANGDONG ROUGTU TECHNOLOGY CO., LTD.'S UNOPPOSED AND EXPEDITED MOTION FOR THE ISSUANCE OF LETTERS OF REQUEST TO LIANKAI (LK) LIN AND CARRY ZHU**

Petitioners/Respondents Hunan Sijiu Technology, Co. Ltd., Hunan Sijiu Electronic Technology Co., Ltd., Guangdong Rongtu Technology Co., Ltd. ("HTVRONT"), Respondents in Certain Electronic Computing Devices and Components Thereof, Investigation No. 337-TA-1426 (the "Investigation") before the U.S. International Trade Commission ("ITC"), hereby submit this memorandum in support of its motion to issue the Letters of Request, attached hereto as Exhibit 2 and 4, with accompanying translations as Exhibits 3 and 5,[1] on behalf of HTVRONT to obtain documents and deposition testimony from the following third-party inventors: Liankai (Lk) Lin and Carry Zhu.

---

[1] The Letter of Request to Liankai (Lk) Lin and its associated translation were originally labeled as Appendix B and Appendix C before CALJ Cheney. The Letter of Request to Carry Zhu and its associated translation were originally labeled as Appendix E and Appendix F before CALJ Cheney. For continuity purposes, these labels remain on the documents.

1

**Liankai (Lk) Lin**
Xiamen Intretch Technology Co., Ltd./ Intretech Ltd.
No. 100, Dongfu West Road
Haicang District, Xiamen City
Fujian Province
China 361026

**Carry Zhu**
Xiamen Intretch Technology Co., Ltd./ Intretech Ltd.
No. 100, Dongfu West Road
Haicang District, Xiamen City
Fujian Province
China 361026

On January 30, 2025, the Chief Administrative Law Judge ("CALJ") Clark S. Cheney, who presides over the ITC Investigation, issued a recommendation that this Court issue the Letters of Request to Liankai (Lk) Lin and Carry Zhu on behalf of HTVRONT. Chief Judge Cheney's Recommendation is attached hereto as Exhibit 1.

This Court has the authority to issue the Letters of Request under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. The Letters of Request are necessary to obtain certain testimony and documents from the inventors to be used in the ITC Investigation. HTVRONT requests the Court's urgent attention to this matter because the period for fact discovery in the ITC Investigation concludes on April 25, 2025, and trial is set to begin on August 25, 2025.

I.    **THIS COURT HAS THE AUTHORITY TO ISSUE THE LETTERS OF REQUEST.**

The Hague Evidence Convention states, in relevant part, that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a letter of request, to obtain evidence, or to perform some other judicial act." Hague Convention on the

Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555 (hereinafter "The Hague Convention").

The United States and the People's Republic of China are both parties to The Hague Convention. The United States ratified The Hague Convention on August 8, 1972, and the People's Republic of China acceded on December 8, 1999. *See* Status Table on the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited January 10, 2025).

The United States District Court for the District of Columbia is a "judicial authority" of the United States and may request the Ministry of Justice of the People's Republic of China, International Legal Cooperation Center, by means of a letter of request, to obtain evidence related to this Investigation. Hague Evidence Convention, art. 1; *see also* 28 U.S.C. § 1781(b)(2) (allowing "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

The Ministry of Justice of the People's Republic of China, under The Hague Convention, has a compulsory process to enable HTVRONT to gather evidence within the country. Evidence can be compelled by a letter of request transmitted directly from a court in the United States to the Chinese Central Authority. *See* U.S. Department of State—Bureau of Consular Affairs, People's Republic of China Country Information, Obtaining Evidence in Civil and Commercial Matters, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited January 10, 2025).

When such a request is required in an administrative case, it may be issued by a district court under the All Writs Act (28 U.S.C. § 1651) at the request of an ALJ. Indeed, this Court has issued letters of request at the request of Administrative Law Judges in previous ITC investigations. *See, e.g., Philips Lighting North Am. Corp. v. FELT Elec. Co., Inc.,* No. 18-18 (TJK), slip op. 1-2 (D.D.C. Mar. 20, 2018) (ECF No. 5) (granting unopposed motions and concluding, based on the recommendation of the ALJ, that it was appropriate to issue five letters of request and a letter rogatory); *Certain Semiconductor Devices, Semiconductor Device Packages, & Prods. Containing the Same,* Inv. No. 337-TA-1010, Order No. 7 (July 8, 2016) (issuing a request to the District Court for the District of Columbia to provide letters of request to China and Singapore and letters rogatory to Taiwan).

## II.   INVENTORS LIANKAI (LK) LIN AND CARRY ZHU ARE IN POSSESSION OF RELEVANT DOCUMENTS AND INFORMATION IN CHINA.

HTVRONT believes that Inventors Liankai (Lk) Lin and Carry Zhu are in possession of information highly relevant to HTVRONT's defenses in this Investigation, specifically information relevant to HTVRONT's defenses related to invalidity and/or unenforceability related to two of the asserted patents, and Cricut's alleged domestic industry.

### A. The Information Sought Is Relevant to HTVRONT's Defenses in the Underlying Investigation

Cricut's Complaint claims a violation of 19 U.S.C. § 1337 by HTVRONT based on the alleged infringement of United States Patent Nos. 11,208,758, United States Patent No. 11,905,646, United States Design Patent No. D895,563, United States Design Patent No. D910,724, United States Design Patent No. D926,237, and United States Design Patent No. D1,029,090 (collectively, the "Asserted Patents").

Liankai (Lk) Lin and Carry Zhu are listed on the face of and are believed to be inventors for United States Patent Nos. 11,208,758 (the "'758 patent") and 11,905,646 (the "'646 patent").

4

HTVRONT requires inventorship and prior art information related to the '758 and '646 patents that only the inventors of the '758 and '646 patents can provide. Additionally, Cricut claims domestic industry investments going back to 2013, which, on information and belief, includes time when Inventors Liankai (Lk) Lin and Carry Zhu performed work on the alleged inventions disclosed and claimed in the '758 and '646 patent and/or on products allegedly covered by these patents. Therefore, Inventors Liankai (Lk) Lin and Carry Zhu will also have information regarding Cricut's alleged investments in the Asserted Patents, including information regarding foreign investment in research and development versus U.S. investment in research and development. This information is necessary to develop HTVRONT's defenses.

### B. Inventors Liankai (Lk) Lin and Carry Zhu are in Possession of Relevant Inventorship and Prior Art Information

Liankai (Lk) Lin and Carry Zhu were identified as inventors to the '758 and '646 Asserted Patents. Each inventor is the only person capable of explaining the inventor's contributions to the patent and the inventor's understanding of the prior art at the time of filing. Liankai (Lk) Lin and Carry Zhu are also uniquely able to describe the nature of any of their own research and development efforts that relate to the Domestic Industry Products as they worked on the alleged inventions when they were working on developing products for Cricut. This information is relevant to Cricut's claim that an industry relating to articles protected by the asserted patents exists in the United States, as comparison to foreign investments in the Domestic Industry Products is one method the Commission uses to put domestic investments in the proper context.

### C. The Information Requested is Not Otherwise Available to HTVRONT Through Alternate Means and Letters of Request are Necessary to Obtain Relevant Documents and Information from Inventors Liankai (Lk) Lin and Carry Zhu

Liankai (Lk) Lin and Carry Zhu are not employed by Cricut. In order to obtain the full range of technical documents and information that are the subject of this request, HTVRONT has

5

asked Cricut to contact these inventors. Cricut has represented that Liankai (Lk) Lin and Carry Zhu have never been employees of Cricut, Inc., that they were and may still be employees of a third-party contract manufacturer, that Cricut's counsel does not represent them, and that Cricut's counsel has not been able to confirm that Cricut would be able to compel them to appear for deposition or participate in discovery. HTVRONT must go directly to the inventors to obtain these documents. Importantly, Inventors Liankai (Lk) Lin and Carry Zhu are the only named inventors on the patents located in China. Thus, Inventors Liankai (Lk) Lin and Carry Zhu will have unique knowledge regarding the portion of the alleged inventive process that took place in China that the two U.S. inventors will not have. This information is relevant to inventorship of the '646 and '758 patents as well as to whether Cricut has made significant domestic investments in products allegedly protected by the Asserted Patents relative to its investments in these products abroad. Issuing formal Letters of Request is the most efficient way for HTVRONT to obtain this unique information regarding inventorship, prior art, and Cricut's investments in products allegedly protected by the Asserted Patents.

### III. THIS MOTION IS TIMELY AND THE ACCOMPANYING LETTERS OF REQUEST ARE COMPLIANT WITH THE REQUIREMENTS OF THE JUDICIAL AUTHORITIES OF CHINA.

HTVRONT is mindful that the foreign discovery process is often a lengthy one working at odds with the compressed schedule of a Section 337 Investigation. HTVRONT timely filed this request early in the fact discovery period, which closes on April 25, 2025. HTVRONT believes that its diligence in filing these Letters of Request as early as practicably possible will provide enough time for the requested information to be gathered from Liankai (Lk) Lin and Carry Zhu. HTVRONT has retained local counsel in China and has reviewed the applicable laws of the foreign jurisdiction to ensure that the Letters of Request are in compliance with the jurisdiction's requirements, as outlined below.

A. **HTVRONT Will Comply with the Necessary Procedural Requirements for Obtaining the Requested Documents and Testimony from Liankai (Lk) Lin and Carry Zhu in the People's Republic of China**

HTVRONT is prepared to comply with the procedural requirements for obtaining the requested documents of and testimony from Liankai (Lk) Lin and Carry Zhu in the People's Republic of China through Letters of Request. HTVRONT has retained local counsel in China and has reviewed applicable laws of the People's Republic of China to ensure that the Letters of Request is in compliance with the People's Republic of China's requirements, as follows:

1. Obtain Letters of Request with the signature of a District Court judge and the seal of the District Court, and a copy thereof translated into Mandarin Chinese.

2. Include in the Letters of Request the identities of the parties, the nature of the proceedings, the discovery sought, any special procedures, the identity of the party that will bear any costs, and other information as recommended by The Hague Conventions. *See* HAGUE CONVENTION, MODEL FOR LETTERS OF REQUEST RECOMMENDED FOR USE IN APPLYING THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS, available at http:/www.hcch.net/upload/actform20e.pdf (last visited Jan. 10, 2025).

3. Transmit the letter to the Ministry of Justice of the People's Republic of China, International Legal Cooperation Center, submitted with a Chinese translation, for enforcement in a Chinese court. After obtaining approval from the Ministry of Justice, serve the Letters of Request on Liankai (Lk) Lin and Carry Zhu.

Additionally, HTVRONT's document requests and deposition topics are narrowly tailored to only address the specific categories of evidence required to support HTVRONT's defenses. The

particularized document requests and deposition topics are reasonable in light of the importance of the evidence that HTVRONT seeks.

## IV. CONCLUSION

Based on the foregoing, HTVRONT respectfully requests that the Court grant HTVRONT's motion and issue the attached Letters of Request in accordance with the recommendation of the Chief ALJ presiding over the ITC Investigation to the Ministry of Justice of the People's Republic of China, International Legal Cooperation Center to obtain certain documents and deposition testimony from Liankai (Lk) Lin and Carry Zhu.

Dated: February 5, 2025

Respectfully submitted,

Daniel Valencia (Bar ID: 974818)
Helena Kiepura
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Tel: 202-799-4000
Fax: 202-799-5000

Matthew Satchwell
Paulina Starostka
**DLA Piper LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
Tel: 312-368-4000
Fax: 312-236-7516

Shaobin Zhu
**DLA Piper LLP (US)**
701 fifth Avenue, Suite 6900
Seattle, WA 98104
Tel: 206-839-4894
Fax: 206-839-4801

Benjamin Yaghoubian
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310-595-3000
Fax: 310-595-3300

Claire Schuster
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02210
Tel: 617-406-6000
Fax: 617-406-6100

Peter VandeVort
**DLA PIPER LLP (US)**
555 Mission St, Suite 2400
San Francisco, CA 94105
Tel: 415-836-2500
Fax: 415-836-2501

*Counsel for Petitioners/Respondents Hunan Sijiu Technology, Co. Ltd., Hunan Sijiu Electronic Technology Co. Ltd., Guangdong Rongtu Technology Co. Ltd.*